UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------x
JOHN MCGEE, M.D.,

                            Plaintiff,

    -against-

STATE FARM MUTUAL AUTOMOBILE         MEMORANDUM AND ORDER
INSURANCE COMPANY, INDEPENDENT           09-CV-3579 (ILG)
PHYSICAL EXAM REFERRALS, INC.,
DAVID INSLICHT, and ROBERT M.
SIMON,

                            Defendants.

-------------------------------------------------x

GLASSER, United States Senior District Judge:

On July 28, 2009, John McGee ("McGee") commenced an action against State Farm Mutual Automobile Insurance Company ("State Farm") in the Supreme Court of the State of New York, Queens County, alleging that State Farm improperly denied payments to physicians who treated its insureds. On August 18, 2009, State Farm removed the action to this Court on the basis of diversity.[1] On August 31, 2009, McGee amended his complaint by adding additional defendants, all of whom are citizens of New York and whose joinder would destroy diversity.[2]

He alleged that the additional defendants conspired with State Farm to unlawfully deny to physicians who treated its insureds payment for their services. McGee then moved this Court for

---

[1] McGee is a New York resident. State Farm is an Illinois corporation with its principal place of business in Illinois. McGee's complaint demands monetary damages in excess of $4 million.
[2] The three defendants added in the amended complaint are Independent Physical Exam Referrals, Inc. ("IPER"), David Inslicht ("Inslicht"), and Robert M. Simon ("Simon").

1

an order that would remand the action to the state court, which is the motion pending before the Court. State Farm has since filed in this Court a motion to dismiss McGee's complaint pursuant to Federal Rules of Civil Procedure 8, 9, and 12, the determination of which has been deferred awaiting the Court's ruling on the motion to remand, which State Farm opposes.

**DISCUSSION**

McGee has asserted two independent grounds for denying this Court's jurisdiction. First, he contends that State Farm should be considered a New York citizen pursuant to the special treatment of insurers for diversity purposes provided by 28 U.S.C. § 1332. Second, he contends that, even if State Farm is a diverse defendant, because of the joinder of New York citizen defendants in his amended complaint, complete diversity does not exist, and this Court lacks jurisdiction. These arguments will be addressed in turn.

1. **Direct Action Exception**

McGee first argues that diversity jurisdiction does not exist, relying on 28 U.S.C. § 1332 which defines the citizenship of a corporation for purposes of diversity jurisdiction as follows:

> [A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business, except that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business.

28 U.S.C. § 1332(c)(1).

He thus asserts that because his claims against State Farm are bottomed upon insurance policies held by insureds who are citizens of New York, State Farm should be regarded as a New York citizen for purposes of diversity. His assertion is without merit.

The Second Circuit has made it clear that a "direct action" under § 1332(c)(1) is one in which the "the insurer stands in the shoes of its legally responsible insured", in an action attempting to establish the insured's liability. Rosa v. Allstate Ins. Co., 981 F.2d 669, 675 (2d Cir. 1992). "[T]he proviso does not affect suits against the insurer based on its independent wrongs." Id. "Courts have uniformly defined the term 'direct action' as used in this section as those cases in which a party suffering injuries or damage for which another is legally responsible is entitled to bring suit against the other's liability insurer without joining the insured or first obtaining a judgment against him." Id. (quoting Beckham v. Safeco Ins. Co. of Am., 691 F.2d 898, 901–02 (9th Cir. 1982)).

In this case, McGee's claims against State Farm are based on State Farm's own alleged misconduct rather than upon its liability for the wrongdoing of its insureds. Thus, this is not a "direct action" as that term is used in 28 U.S.C. § 1332, and State Farm will not be deemed a citizen of New York for purposes of this lawsuit.

2. **Joinder of non-diverse parties**

McGee's second ground for remand being predicated on the joinder of non-diverse defendants in the amended complaint, the threshold question is whether the Court can disallow the joinder and thus preserve diversity and its jurisdiction. 28 U.S.C § 1447(e), establishes the standard for joinder of non-diverse parties after removal, providing that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter

jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." The decision whether to allow joinder in such a case is a matter of the Court's discretion. See Moncion v. Infra-Metals Corp., No. 01 Civ. 11389(RLE), 2002 WL 31834442, at *2 (S.D.N.Y. Dec. 18, 2002) ("[T]he decision to join new parties, even if those parties destroy diversity and require a remand, is within the sound discretion of the trial court.").

Although § 1447(e) would clearly give the Court the authority to deny a motion to amend when plaintiff seeks to join a non-diverse party, in this case, the complaint has already been amended. The pending motion is for a remand. Federal Rule of Civil Procedure 15(a)(1)(A) provides that a party may amend its pleadings before trial once as a matter of course before being served with a responsive pleading. McGee's complaint was so amended.[3] There is thus a tension between § 1447(e), which grants the court discretion to deny an amendment when plaintiff "seeks to join" defendants who would divest the Court of subject matter jurisdiction and require a remand, and Rule 15, which allows plaintiffs to amend without the court's leave.

Although research has not revealed that the Second Circuit has addressed the interaction between Rule 15(a)(1)(A) and 28 U.S.C. § 1447(e), every federal court that has considered the issue has found that the discretionary decision called for by § 1447(e) is appropriate even when plaintiff has amended as a matter of course under Rule 15(a)(1)(A). See, e.g., Dillard v. Albertson's, Inc., No. 99-31201, 2000 WL 1029031, at *1 (5th Cir. July 7, 2000) (§ 1447(e) applies even when amendment would normally be allowed without leave); Mayes v. Rapoport, 198 F.3d 457, 462 n.11 (4th Cir. 1999) ("[D]istrict court has the authority to reject a post-

---

[3] McGee first filed an amended complaint on August 31, 2009, the same date on which he filed his motion to remand. This complaint, however, contains a twenty-five page gap; the missing material includes most of McGee's claims for relief. Another copy of the amended complaint with the missing pages included was filed on September 4, 2009. Both were filed before any responsive pleadings, so this Court will treat the second, corrected filing as the first Amendment as a Matter of Course allowed by Rule 15(a)(1) of the Federal Rules of Civil Procedure.

4

removal joinder that implicates 28 U.S.C. § 1447(e), even if the joinder was without leave of court."); Bevels v. American States Ins. Co., 100 F.Supp.2d 1309, 1312–13 (M.D.Ala. 2000) (surveying cases in which § 1447(e) is held applicable despite amendment prior to responsive pleadings). Cf. Schur v. L.A. Weight Loss Centers, Inc., 577 F.3d 752, 762 (7th Cir. 2009) (district judge can reconsider an earlier decision by magistrate judge allowing joinder of non-diverse parties, when magistrate judge didn't consider § 1447(e)); Bailey v. Bayer CropScience L.P., 563 F.3d 302, 307–08 (8th Cir. 2009) (court can reconsider an earlier order allowing joinder, when earlier decision did not consider § 1447(e)). See also 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 1477 (2d ed. 1990).

While some courts have resolved the apparent conflict between Rule 15(a)(1)(A) and § 1447(e) by holding that plaintiff's right to amend without leave simply does not apply when the amendment would destroy diversity, see, e.g., Bevels, 100 F.Supp.2d at 1312, this Court finds it unnecessary to consider that view, because the Court can effectively deny joinder under § 1447(e) by exercising its power to drop a party, *sua sponte*, under Rule 21, Federal Rules of Civil Procedure.[4] See Mayes, 198 F.3d at 462 n.11 (citing the court's authority under Rule 21 to reject a joinder as a matter of course). In Abraham Natural Foods Corporation, this Court considered the application of § 1447(e) when a motion to amend had previously been granted by the Court. Abraham Nat. Foods Corp. v. Mount Vernon Fire Ins. Co., 576 F.Supp.2d 421, 423 (E.D.N.Y. 2008) (Glasser, J.) In that case, the plaintiff argued that, having already allowed the joinder of non-diverse parties, the Court had no choice under § 1447(e) but to remand the case to state court. Id. The Court rejected this argument, citing its authority under Rule 54(b) to vacate the order permitting joinder and its authority under Rule 21 to drop the non-diverse parties. Id.

---

[4] "On motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. Rule Civ. Proc. 21.

5

at 424.  See also Arias v. Biro Mfg. Co., No. 92 Civ. 6661 (LAK), 1995 WL 66431, at *2–3 (S.D.N.Y. Feb. 15, 1995) (retaining jurisdiction after eliminating non-diverse defendants under Rules 21 and 54(b)).

Having established that "[t]he relevant statutory framework is 28 U.S.C. § 1447(e)," the Court must now "engage in a two-step analysis, under which [it] (1) evaluate[s] whether joinder is permissible under Rule 20(a)(2) of the Federal Rules of Civil Procedure and, if so, then (2) ascertain[s] whether the balancing of certain relevant considerations weighs in favor of joinder and its necessarily attendant remand."  Roll On Express, Inc. v. Travelers Indem. Co. of Connecticut, No. 09-CV-213 (RLM), 2009 WL 1940731, at *2 (E.D.N.Y. July 2, 2009) (quotations omitted); accord Abraham Nat. Foods Corp., 576 F.Supp.2d at 424–25.

The first inquiry in this case is readily answered by Rule 20(a)(2) which allows joinder of defendants when "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."  In McGee's original complaint, he alleged that State Farm had wrongfully denied valid claims under its insurance policies.  Specifically, McGee claimed that State Farm conspired with medical referral services, including IPER, to obtain fraudulent peer review reports that would justify State Farm's denial of claims.  In his amended complaint, having already identified IPER and its alleged misconduct in the original complaint, McGee names IPER as a defendant.  McGee also names as defendants two physicians, Inslicht and Simon, whom he accuses of creating fraudulent reports of the type described in his original complaint.  Because the alleged liability of each of the defendants arises out of the same series of

6

transactions or occurrences and trial of this case would surely involve many common issues of law or fact, this joinder is permissible under Rule 20(a)(2).

The second inquiry requires the court to engage in a balancing analysis. In Gursky v. Northwestern Mut. Life Ins. Co., 139 F.R.D. 279, 282 (E.D.N.Y. 1991) (citations omitted), the court described four factors that should be considered when determining whether joinder would comport with principles of fundamental fairness: "(1) any delay, and its reasons, in [amending] (2) any resulting prejudice to the defendants, (3) the likelihood of multiple litigation, and (4) the plaintiff's motivation in [amending]." This analysis has been followed in subsequent cases within the Second Circuit. See, e.g., Roll On Express, Inc., 2009 WL 1940731, at *3; Abraham Nat. Foods Corp., 576 F.Supp.2d at 425; Hunt v. Stryker Corp., No. 03 Civ. 7385(RWS), 2004 WL 502186, at *2 (S.D.N.Y. Mar. 10, 2004); Coniglio v. The Andersons, Inc., No. 03-CV-0153A(F), 2004 WL 1228393, at *4 (W.D.N.Y. June 3, 2004). "The Court must consider the totality of the circumstances." Roll On Express, Inc., 2009 WL 1940731, at *3. In other words, these four factors are not exclusive, but instead represent factors that courts have found most useful to consider in weighing the interests for and against joinder and remand. These four factors will be considered in turn.

First, did McGee unduly delay in amending the complaint? "Delay is measured from the date of removal." Deutchman v. Express Scripts, Inc., No. 07-CV-3539 (DLI)(RER), 2008 WL 3538593, at *3 (E.D.N.Y. Aug. 11, 2008). State Farm removed the case to federal court on August 18, 2009. Plaintiff first filed his amended complaint on August 31, 2009 and then filed a corrected copy of it on September 4, 2009, little more than two weeks after the case's removal and before any substantive filings by State Farm. This cannot be regarded as a significant delay, and thus this factor weighs in favor of McGee.

7

Second, will State Farm be prejudiced by the joinder of the additional defendants and the attendant remand to state court? This case is in its preliminary stages. No discovery has occurred, and this Court has not ruled on any substantive motions. While the remand of the case to state court would undoubtedly cause some delay, and joinder of additional parties inevitably imposes burdens on existing parties, there does not appear to be any reason to believe that State Farm would be especially prejudiced. See Nazario v. Deere & Co., 295 F.Supp.2d 360, 364 (S.D.N.Y. 2003) (even after significant discovery, remand causes no prejudice if defendant does not need "to revise or abandon a litigation strategy for which resources have already been expended."); Roll On Express, Inc., 2009 WL 1940731, at *4 ("[T]he potential for additional discovery alone is not sufficient to constitute prejudice."). This factor also weighs in favor of McGee.

Third, would dismissal of the non-diverse parties create a risk of multiple litigation? Clearly, there is a possibility that were this Court to disallow the joinder of IPER, Inslicht, and Simon, McGee might bring a separate action against them in state court, thus engendering unnecessary duplicative litigation. In this case, however, there is reason to doubt that this would happen. In McGee's original complaint, along with his allegations against IPER, he alleged similar misconduct by a company called Metro Medical Services, Inc ("MMS"). Additionally, he named a half dozen individual physicians (not including Inslicht or Simon) whom he accused of being involved in State Farm's alleged scheme. McGee has given no explanation as to why only these three defendants, and not MMS or the other individually named physicians, have been made defendants in this case, despite being accused of similar actions in McGee's complaint.

The failure to add these other parties in the amended complaint, as well as the lack of any explanation for adding the parties who were, causes this Court to doubt the risk of multiple

8

litigation.[5] If McGee does not intend to pursue claims against these other parties whom he has accused of similar misconduct, then there is little reason to believe that he would pursue a separate state court action against IPER, Inslicht, and Simon. On the other hand, if McGee does intend to pursue actions against those other parties, he would be able to bring his claims against IPER, Inslicht, and Simon in the same action.[6] Any risk of unnecessary multiple litigation, could easily have been avoided by naming all the defendants in his original state court complaint. Deutchman, 2008 WL 3538593, at *4. As a result, this factor does not weigh in favor of McGee.

Finally, what was McGee's motivation in amending his complaint? While McGee has not explained his reasons for adding these non-diverse defendants,[7] this Court can draw the appropriate inferences based on the case chronology. See Hunt, 2004 WL 502186, at *3. The amended complaint was filed contemporaneously with McGee's motion to remand. The inference is all but compelled that the complaint was amended with the deliberate purpose of divesting this Court of jurisdiction. See Abraham Nat. Foods Corp., 576 F.Supp.2d at 426 (long delay between removal and amendment suggests motivation is not remand). Absent is any explanation by McGee for why the added parties were not named when he could easily have done so at the outset when filing his action in the state court.[8] McGee has not proffered any new

---

[5] In fact, McGee's belated attempt to join only some of the parties whom he has accused of wrongdoing is more suggestive of a desire to escape this Court's jurisdiction — a Court that has previously rejected similar theories in a case between the same parties, see McGee v. State Farm Mut. Auto. Ins. Co., No. 08-CV-392 (FB)(CLP), 2009 WL 2132439, at *1 (E.D.N.Y. July 10, 2009) (McGee's suit against State Farm, IPER, and others alleging "that the defendants conspired to fraudulently deny him reimbursement for medical procedures he had performed on his patients") — than a desire to proceed against parties other than State Farm.
[6] McGee has previously named all of these parties as defendants in an action filed in this court. See McGee, 2009 WL 2132439, at *6 (declining to exercise supplemental jurisdiction over state law claims after dismissing civil RICO claims).
[7] At oral argument, McGee, for the first time, characterized the amended complaint as designed to correct "clerical errors" in the original complaint. It beggars belief that the complete omission from the initial complaint of several defendants who were referenced in the complaint or of whom he was aware could be attributed to a "clerical error."
[8] In fact, McGee concedes in his reply brief that "[a] trial court should look with particular care at the motive in removal cases, when the presence of a new defendant will defeat the court's diversity jurisdiction and will require a

evidence or changed circumstances that prompted his decision to join these additional parties. Cf. Roll On Express, Inc., 2009 WL 1940731, at *6 (citing cases in which the discovery of new information warranted amendment to add non-diverse parties). Furthermore, as State Farm notes, McGee was aware of the existence and relevance of all three of the additional defendants well before he filed his original complaint. This drives the Court to conclude that McGee had no independent reason for joining the additional defendants apart from a desire to destroy the Court's diversity jurisdiction for the specific purpose of forum shopping. See Nazario, 295 F.Supp.2d at 365 ("infer[ring] from plaintiff's litigation behavior" an intent to destroy diversity jurisdiction); Deutchman, 2008 WL 3538593, at *4 (same). In light of the foregoing, the motion to remand is denied. See Briarpatch Ltd., L.P. v. Pate, 81 F.Supp.2d 509, 515 (S.D.N.Y. 2000).

As a result of this determination, and according to the requirements of 28 U.S.C. § 1447(e), this Court is driven to exercise its power under Rule 21 of the Federal Rules of Civil Procedure to drop the non-diverse parties from this action.

---

remand to the state court.," Pl. Reply Br. 4 (quoting McIntyre v. Codman & Shurtleff, Inc., 103 F.R.D. 619, 622-23 (S.D.N.Y.1984)), yet he fails to provide any explanation whatsoever for his decision to amend.

## CONCLUSION

For the aforementioned reasons, Defendants Independent Physical Exam Referrals, Inc., David Inslicht, and Robert M. Simon are hereby dropped from Plaintiff's amended complaint, and Plaintiff's motion to remand is DENIED.

SO ORDERED.

Dated: Brooklyn, New York
November 18, 2009

/s/
I. Leo Glasser
United States Senior District Judge

**Copies of the foregoing memorandum and order were electronically sent to:**

**Counsel for the Plaintiff**

Bruce S. Rosenberg
Rosenberg Law, P.C.
2631 Merrick Road
Suite 301
Bellmore, NY 11710

**Counsel for the Defendants**

For State Farm Mutual Automobile Insurance Company

Barry I. Levy
Rivkin Radler LLP
926 RXR Plaza
Uniondale, NY 11556-0926

Cara A. Roecker
Katten Muchin Rosenman LLP
525 W Monroe St
Suite 1900
Chicago, IL 60607

Evan H. Krinick
Rivkin, Radler & Kremer
EAB Plaza
Uniondale, NY 11556-0111

Jay Shapiro
Katten Muchin Rosenman LLP
575 Madison Avenue
New York, NY 10022

Jonathan L. Marks
Katten Muchin Rosenman LLP
525 West Monroe Street
Chicago, IL 60661-3693

Ross O. Silverman
Katten Muchin Roseman, LLP
525 West Monroe Street
Suite 1600
Chicago, Il 60661

For Independent Physical Exam Referrals, Inc.

Peter J. Creedon
Creedon & Gill, P.C.
24 Woodbine Avenue, Suite 14
Northport, NY 11768