UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------x
JOHN MCGEE, M.D.,

                                  Plaintiff,

        -against-

STATE FARM MUTUAL AUTOMOBILE                    MEMORANDUM AND ORDER
INSURANCE COMPANY, INDEPENDENT                       09-CV-3579 (ILG)
PHYSICAL EXAM REFERRALS, INC.,
DAVID INSLICHT, and ROBERT M.
SIMON,

                                  Defendants.

-------------------------------------------------x


GLASSER, United States Senior District Judge:

        The plaintiff John McGee ("McGee") brought an action in New York State Supreme

Court against the defendant State Farm Mutual Automobile Insurance Company ("State Farm"),

raising a variety of claims under New York state law.  State Farm subsequently removed the case

to federal court on the basis of this Court's diversity jurisdiction, and McGee moved to remand

this case back to state court.  This Court denied the motion to remand, and McGee now moves

for reconsideration, or, failing that, for clarification of the Court's order.  McGee's motion is

entirely without merit and, for the reasons stated below, is denied in its entirety.


**FACTS & PROCEDURAL HISTORY**

        McGee is a physician residing and practicing in the state of New York.  On July 28,

2009, McGee filed a complaint in the Supreme Court of the State of New York, County of

Queens, alleging that State Farm, a major provider of automobile insurance, has engaged in a

1

variety of illegal and tortious acts that have the effect of improperly denying payment to physicians who treat patients covered under State Farm insurance policies. On August 18, 2009, State Farm removed the action to this Court on the basis of diversity jurisdiction. On August 31, 2009, McGee filed a motion to remand.[1] On November 18, 2009, the Court issued an order denying that motion. On November 25, 2009, McGee filed a motion for reconsideration.[2] Subsequently, on December 1, 2009, McGee filed in this Court a notice of appeal to the Second Circuit Court of Appeals.

## DISCUSSION

### 1. Jurisdiction to Decide this Motion

Before this Court can reach the merits of McGee's motion, it is necessary to first consider the effect of McGee's purported interlocutory appeal on this Court's jurisdiction over the case. Normally, the docketing of a notice of appeal will divest a district court of jurisdiction over the issues encompassed by the appeal. Ryan v. U.S. Lines Co., 303 F.2d 430, 434 (2d Cir. 1962) ("[T]he docketing of an appeal ousts the district court of jurisdiction except insofar as it is reserved to it explicitly by statute or rule."). But this rule is not without exceptions. "The divestiture of jurisdiction rule is . . . not a per se rule. It is a judicially crafted rule rooted in the interest of judicial economy, designed to avoid confusion or waste of time resulting from having

---

[1] On September 8, 2009 State Farm filed a motion to dismiss McGee's claims. Briefing on the motion to dismiss was deferred pending the resolution of the motion to remand.

[2] Although McGee styles his request as a motion for reconsideration and/or clarification under Rule 59(e), this rule applies only to the reconsideration of a *judgment*, *i.e.* a final decision of the Court. See Moodie v. Fed. Reserve Bank of New York, 835 F. Supp. 751, 752 (S.D.N.Y. 1993) ("The present motion is inappropriate under Rule 59 because the Bank's earlier motion for summary judgment was denied, hence no judgment was entered on which the Bank could bring a motion to alter or amend."). The Court must therefore construe McGee's motion as a motion under Local Civil Rule 6.3, which governs the reconsideration of non-final orders. See Bank Leumi Trust Co. of New York v. Istim, Inc., 902 F. Supp. 46, 47 n.2 (S.D.N.Y. 1995) (construing "a motion to reconsider or reargue a non-final decision," purportedly brought under Rule 59, as governed by Local Civil Rule 3(j), the predecessor to current Rule 6.3).

the same issues before two courts at the same time." United States v. Rodgers, 101 F.3d 247, 251 (2d Cir. 1996). The interests of judicial economy would not be well served by a rule that forces the district court to stay its proceedings even when there is no statutory basis for an appeal. See id. at 251–52 ("We fail to see any efficiency in allowing a party to halt district court proceedings arbitrarily by filing a plainly unauthorized notice of appeal which confers on this court the power to do nothing but dismiss the appeal."). An appeal of an order denying remand is just such an appeal. Chicago, R.I. & P.R. Co. v. Stude, 346 U.S. 574, 578 (1954) ("Obviously, such an order [denying a motion to remand] is not final and appealable if standing alone."); Fulfree v. Manchester, 112 F.3d 503 (Table), 1996 WL 570238, at *1 (2d Cir. Oct. 4, 1996) ("An order of the district court denying a motion to remand an action to state court is an interlocutory order that is not immediately appealable pursuant to 28 U.S.C. § 1291."). Thus, this Court retains jurisdiction to hear the pending motion for reconsideration.

## 2. Motion for Reconsideration

A district court will normally grant a motion to amend an order only "to correct a clear error of law or prevent manifest injustice." Munafo v. Metropolitan Transp. Authority, 381 F.3d 99, 105 (2d Cir. 2004). McGee seems to raise two issues on which he apparently contends the Court's rulings amount to such a "clear error" or "manifest injustice." First, he appears to argue that the Court erred in not treating his amended complaint as an amendment as a matter of course under Rule 15(a)(1) of the Federal Rules of Civil Procedure. Second, he argues that the Court failed to credit his belated characterization of the amendment as fixing a "clerical error" and that the Court thus wrongly ruled that he had failed to articulate a permissible motive for the amendment. These arguments will be addressed in turn.

McGee argues in his motion for reconsideration that he filed "his **only** amended

complaint on August 31, 2009." Pl.'s Br. 2 (emphasis in original). McGee further insists that

"[a]s the record reflects there has been only ONE (1) amended complaint filed." Id. It is unclear

what exactly McGee is complaining about. While it is true that State Farm argued, in opposing

the motion to remand, that McGee had in fact filed two separate amended complaints, the Court

determined this issue in McGee's favor, and State Farm has not challenged that determination.

See Def.'s Br. 4 n.2 ("The Court's opinion indicates that the operative document is the one filed

on September 4, 2009."). Furthermore, the Court explicitly treated this amendment as an

amendment as a matter of course under Rule 15(a)(1). As the Court stated in its order:

> McGee first filed an amended complaint on August 31, 2009, the same date on which he
> filed his motion to remand. This complaint, however, contains a twenty-five page gap;
> the missing material includes most of McGee's claims for relief. Another copy of the
> amended complaint with the missing pages included was filed on September 4, 2009.
> Both were filed before any responsive pleadings, so this Court will treat the second,
> corrected filing as the first Amendment as a Matter of Course allowed by Rule 15(a)(1)
> of the Federal Rules of Civil Procedure.

Order Denying Motion to Remand ("Order Denying Remand"), entered November 18, 2009, at 4

n.3 (Dkt. #39).

McGee then contends, with an argument he made for the first time at oral argument, that

the purpose of the amendment was to correct a "clerical error." The Court is saddened that

McGee persists in making this argument.[3] McGee's original complaint named State Farm as the

only defendant, and pleaded causes of action only against State Farm. McGee's amended

complaint added three new defendants, with new allegations and a newly added cause of action

against each. To treat the complete omission of three defendants (leaving the complaint with

---

[3] The Court previously addressed this argument. "At oral argument, McGee, for the first time, characterized the
amended complaint as designed to correct 'clerical errors' in the original complaint. It beggars belief that the
complete omission from the initial complaint of several defendants who were referenced in the complaint or of
whom he was aware could be attributed to a 'clerical error.'" Order Denying Remand 9 n.7.

only a single remaining defendant) as a "clerical error" divests the phrase of all meaning.  See

Order Denying Remand 9 n.7.  McGee argues that references in the original complaint to

Independent Physical Exam Referrals, Inc. ("IPER"), one of the parties he sought to add in the

amended complaint, support his claim that IPER's omission as a defendant was a simple mistake.

But the fact that the complaint similarly names another party, Metro Medical Services, Inc,

whom McGee did not seek to add in the amended complaint, undermines this argument.

McGee also argues, for the first time, that the reason for his amendment was the original

complaint's lack of verification, which he contends is required under New York law.  Although

McGee has clearly waived this argument by failing to raise it before now, it is worth briefly

examining why it is misconceived.  McGee argues that "[t]he fact that there were other

allegations against other entities and individuals is respectfully not relevant at this time since

Plaintiff has a right to move to amend the complaint and add other individuals and entities."

Pl.'s Br. 3.  But McGee's right to join non-diverse parties is precisely what is at issue under 28

U.S.C. § 1447(e).[4]  The relevant inquiry then under the Gursky balancing test is not McGee's

motive in amending the complaint, but his motive in amending to join non-diverse defendants.

See Gursky v. Northwestern Mut. Life Ins. Co., 139 F.R.D. 279, 283 (E.D.N.Y. 1991)

(discussing plaintiff's motive in joining non-diverse defendants); Order Denying Remand 9

("McGee has not explained his reasons for adding these non-diverse defendants.").  In other

words, even if verification provides a valid reason for McGee's amendment,[5] it does not justify

the joinder of non-diverse parties as part of that amendment.

---

[4] "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."  28 U.S.C.A. § 1447(e).

[5] State Farm disputes that it does.  Def.'s Br. 3 n.1.

Because McGee has failed to demonstrate a clear error of law or manifest injustice in need of correction, his motion for reconsideration must be denied.

### 3. **Motion for Clarification**

McGee requests, in the alternative, that the Court clarify its Order Denying Remand because "it is unclear whether the Court has stricken the Amended Complaint in totality or whether the Court has accepted the Amended Complaint and stricken all defendants in the Amended Complaint but for the State Farm Mutual Automobile Insurance Company." Pl.'s Br. 1.

It is sufficient to quote from that order:

> While some courts have resolved the apparent conflict between Rule 15(a)(1)(A) and § 1447(e) by holding that plaintiff's right to amend without leave simply does not apply when the amendment would destroy diversity, this Court finds it unnecessary to consider that view, because the Court can effectively deny joinder under § 1447(e) by exercising its power to drop a party, *sua sponte*, under Rule 21, Federal Rules of Civil Procedure.

Order Denying Remand 5 (citation omitted). The Court concluded by stating:

> As a result of this determination, and according to the requirements of 28 U.S.C. § 1447(e), this Court is driven to exercise its power under Rule 21 of the Federal Rules of Civil Procedure to drop the non-diverse parties from this action.

Id. at 10. And finally:

> For the aforementioned reasons, Defendants Independent Physical Exam Referrals, Inc., David Inslicht, and Robert M. Simon are hereby dropped from Plaintiff's amended complaint, and Plaintiff's motion to remand is DENIED.

Id. at 11.

It is thus difficult to know precisely what the plaintiff wants clarified.

### **CONCLUSION**

For the aforementioned reasons, Plaintiff's motion for reconsideration or clarification is

DENIED.

SO ORDERED.


Dated:          Brooklyn, New York
                January 14, 2010



                                        _____/s/_____
                                        I. Leo Glasser
                                        United States Senior District Judge

**Copies of the foregoing memorandum and order were electronically sent to:**

**Counsel for the Plaintiff**

Bruce S. Rosenberg
Rosenberg Law, P.C.
2631 Merrick Road
Suite 301
Bellmore, NY 11710

**Counsel for the Defendants**

For State Farm Mutual Automobile Insurance Company

Barry I. Levy
Rivkin Radler LLP
926 RXR Plaza
Uniondale, NY 11556-0926

Cara A. Roecker
Katten Muchin Rosenman LLP
525 W Monroe St
Suite 1900
Chicago, IL 60607

Evan H. Krinick
Rivkin, Radler & Kremer
EAB Plaza
Uniondale, NY 11556-0111

Jay Shapiro
Katten Muchin Rosenman LLP
575 Madison Avenue
New York, NY 10022

Jonathan L. Marks
Katten Muchin Rosenman LLP
525 West Monroe Street
Chicago, IL 60661-3693

Ross O. Silverman
Katten Muchin Roseman, LLP
525 West Monroe Street
Suite 1600
Chicago, Il 60661

For Independent Physical Exam Referrals, Inc.

Peter J. Creedon
Creedon & Gill, P.C.
24 Woodbine Avenue, Suite 14
Northport, NY 11768